104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scottie Dale RICHERSON; Patricia Marie Richerson,
Plaintiffs-Appellants,
v.
UNITED STATES of America, DEPARTMENT OF VETERANS
ADMINISTRATION; Regents of the University of
Michigan; Defendants,
Mark Dalpra, M.D., Defendant-Appellee.
 No. 95-2391.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 On September 2, 1993, Scottie Dale Richerson was treated at the Veterans Administration Medical Center (VAMC) in Ann Arbor, Michigan for reflex sympathetic dystrophy. On that day, anesthesiologist Mark Dalpra recommended and performed a spinal nerve block. Richerson alleges that he suffered neurologic injuries as a result of the negligent administration of anesthesia. The primary issues concern whether the district court abused its discretion by exercising supplemental jurisdiction over a state claim and, if not, whether Michigan law provides governmental immunity for Dalpra. We affirm for reasons stated herein.
 
 
 2
 Richerson and his wife filed a medical malpractice action against the United States, Department of Veterans Administration (USVA) pursuant to the Federal Tort Claims Act (FTCA). They alleged that Dalpra was an employee of the USVA in Ann Arbor. The USVA filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that Dalpra was not an employee of the USVA, but rather an employee of the University of Michigan, an independent contractor of the USVA.
 
 
 3
 The Richersons then filed a medical malpractice claim against the University and Dalpra under Federal Rule of Civil Procedure 14, claiming supplemental jurisdiction under 28 U.S.C. § 1367. Thereafter, the University and Dalpra moved for summary judgment on the Richersons' complaint. After these motions were filed, the Richersons filed claims against the University and Dalpra in state court. These state actions were consolidated and remain pending before the Washtenaw County Circuit Court. The district court granted the USVA's motion to dismiss on the grounds that Dalpra was not an employee of the United States as required by the FTCA, but rather was employed by an independent contractor.
 
 
 4
 Moreover, the district court granted the University's motion for summary judgment on Eleventh Amendment grounds and granted Dalpra's motion for summary judgment on the grounds of state law governmental immunity. The Richersons now appeal only the portion of the district court's order granting Dalpra's motion for summary judgment. They allege that when the federal claim was dismissed, the court should have declined to exercise jurisdiction over the claim against Dalpra. If it was proper for the district court to exercise supplemental jurisdiction over the claim against Dalpra, the Richersons alternatively assert that the district court erred in extending governmental immunity to him.
 
 Supplemental Jurisdiction
 
 5
 A district court's exercise of supplemental jurisdiction over state law claims is reviewed for an abuse of discretion. Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1413 (6th Cir.1991). "[T]his circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial." Province v. Cleveland Press Pub. Co., 787 F.2d 1047, 1055 (6th Cir.1986).
 
 
 6
 The district court's exercise of jurisdiction over the state law claim against Dalpra did not result in a significant waste of judicial resources because it involved the same predicate facts as did the federal FTCA claim against the USVA. Therefore, considering the factor of judicial economy, it was not an abuse of discretion for the district court to address the claim against Dalpra at the same time as it disposed of the federal claim based on the same underlying facts.
 
 
 7
 The Richersons also claim that the issues of fairness and convenience to the litigants support state court jurisdiction over the actions. However, this claim is not persuasive in view of the fact that the Richersons themselves were the ones who initially chose the federal court as their preferred forum for these claims.
 
 
 8
 Next, the Richersons argue that governmental immunity under Michigan law is a novel and complex issue which should not be addressed by the federal courts. However, the statutory language of the hospital exception to governmental immunity involved here is clear. Vargo v. Sauer, 547 N.W.2d 40, 44 (Mich.Ct.App.1996). Even though considerations of comity weigh in favor of remanding the action to the state court, the district court's exercise of jurisdiction does not rise to the level of abuse of discretion.
 
 
 9
 In support of their proposition that the action against Dalpra should be remanded to the state courts, the Richersons cite to Paul v. United States, Nos. 93-CV-74623-DT & 94-CV-70269-DT (E.D.Mich. July 6, 1994) (Zatkoff, J.) (unpublished opinion). First, it should be noted that citation to an unpublished opinion is disfavored by the court. 6TH CIR.R. 24(c). Furthermore, the Paul case can be distinguished from the instant case. In Paul, the plaintiffs chose the state court as the forum for their action against the doctors and the University, and the doctors removed the action to the federal court. Here, the federal court was the Richersons' forum of choice. Simply because the district court in Paul exercised its discretion in declining to resolve the state law issue does not mean that it was ipso facto an abuse of discretion for the district court in this instance to have reached the supplemental law claims. Accordingly, we hold that there was a reasonable basis for the district court to exercise jurisdiction over the instant case.
 
 Governmental Immunity
 
 10
 The grant of a motion for summary judgment based on governmental immunity is a question of law which must be reviewed by this court de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corps., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 11
 The Richersons have failed to allege facts sufficient to show that Dalpra is an employee of the University Hospital rather than an employee of the University Medical School, a showing which is necessary to invoke the hospital exception to governmental immunity. See MICH.COMP.LAWS ANN. § 691.1407(4) (West 1987). Dalpra claims he is a full-time faculty member of the University of Michigan, School of Medicine, Department of Anesthesiology. He does not perform any services for the University Hospital, nor does he have an office at the hospital. His work in training residents at the VAMC is part of the governmental function of the University of Michigan College of Medicine.
 
 
 12
 In Vargo, 547 N.W.2d at 44, the Michigan Court of Appeals stated that "the statutory language [of the hospital exception to governmental immunity] is clear: those employees of a hospital owned or operated by a governmental agency are excepted from the broad grant of immunity bestowed on other governmental employees in [subsection] (2)." Because the physician in Vargo was not working at a university-owned hospital, he was entitled to immunity.
 
 
 13
 The Richersons attempt to distinguish the Vargo case from the one at bar by pointing out that the Vargo physician was a professor at a university which did not own or operate a hospital. Dalpra, they argue, should not be entitled to immunity because the University of Michigan does operate a hospital, even though Dalpra does not perform any work at the hospital. This distinction bears no merit. The Vargo decision spells out that "University of Michigan (U of M) physicians teaching and working at the University of Michigan Hospital are not entitled to immunity for medical malpractice, while Michigan State University (MSU) physicians teaching and working at private hospitals (in the absence of a university-run hospital offering inpatient, overnight care) are immune from tort liability." Id. at 44 (emphasis added). Clearly, the hospital exception does not apply unless a physician teaches and works at the University Hospital.
 
 
 14
 Given that Dalpra is a full-time employee of the University of Michigan Medical School (an independent contractor of the VAMC), that his work furthers the purpose of the University Medical School, that he performs no services for the University Hospital, that he has no office there, and that he is not compensated by the hospital, he cannot be termed an agent or employee of a hospital operated by a governmental agency. Therefore, he does not fall within the plain meaning of subsection (4), which excepts certain hospital employees/agents from governmental immunity. The district court's grant of summary judgment in favor of Dalpra on the grounds of governmental immunity under Michigan state law is hereby AFFIRMED.